JUDGE COTE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

07 CV 6344

------------------------------------------------------------- X

ANDRE ARQUER,

                          Plaintiff,

        -against-

THE CITY OF NEW YORK and JOHN/JANE DOE 1
through 6 (representing unidentified officers employed
by the New York City Department of Corrections),
sued individually and in their official capacities,

                         Defendants.

------------------------------------------------------------- X

**ECF CASE**

**COMPLAINT**

Jury Trial Demanded

## PRELIMINARY STATEMENT

1.    This is a civil rights action in which the plaintiff ANDRE ARQUER (hereinafter "ARQUER") seeks relief for the violation of his rights secured by 42 U.S.C. §1983, the Eighth and Fourteenth Amendments to the United States Constitution, and the laws and Constitution of the State of New York. The claims arise from incidents on April 13, 2006 and April 18, 2006 in which officers employed by the New York City Department of Corrections, acting under color of state law, failed to protect plaintiff, while he was in the custody of the Department of Corrections, from assaults by another inmate. Plaintiff seeks compensatory and punitive damages, declaratory and injunctive relief, an award of costs and attorney's fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION AND VENUE

2.    This action is brought pursuant to 42 U.S.C. §1983, the Eighth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by the aforesaid statutes and 28 U.S.C. §§1331 and 1343.

1

3. Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. §1367 to hear and decide claims arising under state law.

4. Venue is proper in this district pursuant to 28 U.S.C. §1391 because the acts in question occurred in Bronx County.

5. A notice of plaintiff's claim against the defendant, CITY OF NEW YORK (hereinafter "CITY"), stating the nature of the claim, the time, place and manner in which the claim arose, was duly and timely served upon defendant CITY. More than thirty days have elapsed since the Notice of Claim has been served upon defendant CITY and the said defendant has neglected or refused to make any adjustment or payment thereof.

## PARTIES

6. Plaintiff resides at 1115 Carroll Street, Brooklyn, New York.

7. Defendant CITY is a municipal corporation organized under the laws of the State of New York, which operates the New York Department of Correction and as such is the public employer of the individual defendants herein.

8. Defendants JOHN/JANE DOE 1 through 6 were correction officers employed by the New York City Department of Corrections. At all relevant times hereto, said correction officers acted in that capacity as agents, servants, and /or employees of the defendant CITY. At all relevant times hereto, the JOHN/JANE DOE correction officers acted within the scope of their employment and under the color of state and local law.

## STATEMENT OF FACTS

9. On April 13, 2006 ARQUER was incarcerated in the custody of the New York City Department of Corrections.

10. On the aforesaid date, ARQUER was housed in the GRVC building located at 09-09 Hazen Street, East Elmhurst, New York.

11. On the aforesaid date, at approximately 10:00AM to 11:00AM defendant JOHN/JANE DOE approached plaintiff and directed plaintiff to move himself and his belongings from his assigned cell number 32 to cell number 33.

12. ARQUER observed property belonging to another inmate, later known to plaintiff as George Moore (hereinafter "MOORE") inside of cell number 33 and informed defendants JOHN/JANE DOE of the occupied cell.

13. Defendants JOHN/JANE DOE ordered plaintiff to move MOORE's property to cell number 22.

14. ARQUER protested defendants' order to move property belonging to another inmate.

15. Pursuant to defendants' orders and under protest, ARQUER removed MOORE's property from cell 33 and transferred it to cell number 22.

16. Thereafter, on April 13, 2006, while in the presence of defendants JOHN/JANE DOE, MOORE screamed and cursed at plaintiff and threatened to physically harm plaintiff.

17. Defendants JOHN/JANE DOE failed to remove MOORE from the area, failed to separate plaintiff from MOORE, and failed to take any protective measures.

18. MOORE struck plaintiff and caused plaintiff to sustain injury to plaintiff's chin and lip, which required medical attention including, but not limited to stitches.

19. Thereafter, upon information and belief, New York City Department of Corrections officials ordered, or should have ordered, that plaintiff ARQUER and MOORE be separated at all times while in the custody of the New York City Department of Corrections.

20. On or about April 18, 2006 at approximately 5:30AM, plaintiff was moved to a holding cell awaiting transfer from Riker's Island to a New York County Courthouse.

21. After defendants JOHN/JANE DOE locked plaintiff in the holding cell, plaintiff observed inmate MOORE in the same cell.

22. MOORE lunged at plaintiff and attempted to attack plaintiff.

23. Defendants JOHN/JANE DOE restrained MOORE and advised plaintiff that MOORE would be separated from plaintiff.

24. On April 18, 2006 at approximately 4:30PM at the New York County Courthouse defendants JOHN/JANE DOE again locked plaintiff in a holding cell with inmate MOORE.

25. MOORE attacked plaintiff, struck plaintiff about the face and head, ripped plaintiff's stitches, causing bits of flesh to be ripped from plaintiff's mouth.

26. As a result of the defendants' actions, plaintiff experienced physical injuries, including, but not limited to, injuries to his head, face, chin, mouth and lip. Plaintiff further experienced emotional injuries, including, but not limited to fear, emotional distress, humiliation, frustration and extreme inconvenience and anxiety.

I

## FEDERAL CLAIMS AGAINST
## THE CITY OF NEW YORK

27. Paragraphs 1 through 26 are hereby realleged and incorporated by reference herein.

28. Defendant CITY directly caused the constitutional violations suffered by the plaintiff. The defendants JOHN/JANE DOE 1 through 6 were employed as correction officers by the defendant CITY and acted in their official capacities under the color of policies, statutes, ordinances, rules, regulations and customs of the New York City Department of Corrections and the CITY.

29. On April 13, 2006 and at all times thereafter, the defendants JOHN/JANE DOE knew that plaintiff faced a substantial risk of serious harm if plaintiff was not segregated from inmate MOORE.

30. On April 13, 2006 and at all times thereafter, the defendants JOHN/JANE DOE were aware of the imminent threat of harm to plaintiff.

31. Defendants JOHN/JANE DOE failed to take reasonable measures to separate plaintiff from inmate MOORE.

32. While defendants JOHN/JANE DOE were or should have been aware of the imminent threat of harm to plaintiff, they repeatedly placed plaintiff in the same holding cell with inmate MOORE.

33. Defendants JOHN/JANE DOE repeatedly placed plaintiff in the same holding cell with inmate MOORE while they were or should have been aware of prior physical attacks on plaintiff by inmate MOORE.