34. Defendants JOHN/JANE DOE repeatedly placed plaintiff in the same holding cell with inmate MOORE while they were or should have been aware of a separation order directing that plaintiff be separated from inmate MOORE at all times.

35. The CITY exercised deliberate indifference by failing to properly train its correction officers.

36. The CITY failed to take adequate disciplinary action against the correction officers.

37. Upon information or belief, it was the policy and/or custom of defendant CITY to inadequately train, supervise, discipline, and/or terminate their corrections officers, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their corrections officers, agents and employees.

38. The aforementioned policies and customs demonstrate a deliberate indifference on the part of the policymakers of defendant CITY to the constitutional rights of inmates in the custody of the New York City Department of Corrections and were the cause of the violations of ARQUER's rights alleged herein.

39. By reason of the foregoing, plaintiff experienced physical injuries, including, but not limited to, injuries to his head, face, chin, mouth and lip. Plaintiff further experienced emotional injuries, including, but not limited to fear, emotional distress, humiliation, frustration and extreme inconvenience and anxiety.

II

## FEDERAL CLAIMS AGAINST THE INDIVIDUAL POLICE OFFICERS

40. Paragraphs 1 through 39 are hereby realleged and incorporated by reference herein.

41. The conduct of the individual police officers, as described herein, amounted to cruel and unusual punishment.

42. The conduct of the individual police officers, as described herein, violated 42 U.S.C. §1983, the Eighth and Fourteenth Amendments to the United States Constitution.

43. By reason of the foregoing, plaintiff experienced physical injuries, including, but not limited to, injuries to his head, face, chin, mouth and lip. Plaintiff further experienced emotional injuries, including, but not limited to fear, emotional distress, humiliation, frustration and extreme inconvenience and anxiety.

III

### STATE CLAIMS AGAINST THE CITY OF NEW YORK

44. Paragraphs 1 through 43 are hereby realleged and incorporated by reference herein.

45. Defendants JOHN/JANE DOE 1 through 6 were acting in furtherance of the duties owed to their employer, defendant CITY.

46. At all times defendants JOHN/JANE DOE were acting within the scope of their employment.

47. Defendant CITY exercised control over defendants JOHN/JANE DOE'S activities.

48. Defendants JOHN/JANE DOE intentionally performed an act of an unreasonable character in disregard of a known and/or obvious risk that was so great as to make it highly probable that harm would follow, in violation of the laws of the State of New York.

49. Defendants JOHN/JANE DOE performed this action with a conscious indifference to the outcome and with a reckless disregard for the safety of ARQUER, in violation of his rights guaranteed by the laws of the State of New York.

50. The defendant CITY is liable for defendants JOHN/JANE DOE's actions under the doctrine of respondeat superior.

51. Defendant CITY was negligent in the hiring and retention of unfit employees.

52. By reason of the foregoing, plaintiff experienced physical injuries, including, but not limited to, injuries to his head, face, chin, mouth and lip. Plaintiff further experienced emotional injuries, including, but not limited to fear, emotional distress, humiliation, frustration and extreme inconvenience and anxiety.

## IV

### STATE CLAIMS AGAINST THE INDIVIDUAL DEFENDANTS

53. Paragraphs 1 through 52 are hereby realleged and incorporated by reference herein.

54. The individual defendants' actions, which occurred in the scope of their employment as police officers, renders them liable under New York common law and the New York State Constitution for negligence, recklessness and intentional infliction of emotional distress.

55. By reason of the foregoing, plaintiff experienced physical injuries, including, but not limited to, injuries to his head, face, chin, mouth and lip. Plaintiff further experienced emotional injuries, including, but not limited to fear, emotional distress, humiliation, frustration and extreme inconvenience and anxiety.

WHEREFORE, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

a.   Compensatory damages in an amount to be determined by a jury;

b.   Punitive damages in an amount to be determined by a jury;

c.   Costs, interest and attorney's fees pursuant to 42 U.S.C. §1988;

d.   Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

DATED:     Brooklyn, New York
           July 11, 2007

IZABEL OLSZOWA GARCIA (IG 2844)
Attorney for Plaintiffs
26 Court Street, Suite 1815
Brooklyn, New York 11242
(718) 855-4835

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
ANDRE ARQUER,

                              Plaintiff,

     -against-

THE CITY OF NEW YORK and JOHN/JANE DOE 1
through 6 (representing unidentified officers employed
by the New York City Department of Corrections),
sued individually and in their official capacities,

                            Defendants.
------------------------------------------------------------------ X

## COMPLAINT

                                              THE LAW OFFICE of
                                              IZABEL OLSZOWA GARCIA
                                              26 Court Street, Suite 1815
                                              Brooklyn, New York 11242
                                              (718) 855-4835