UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

| | |
|---|---|
| ANDRE ARQUER, | **DEFENDANT CITY OF NEW YORK'S ANSWER TO THE COMPLAINT** |
| Plaintiff, | |
| -against- | 07 CV 6344 (DLC) |
| THE CITY OF NEW YORK and JOHN/JANE DOE 1 through 6 (representing unidentified officers employed by the New York City Department of Corrections), sued individually and in their official capacities, | JURY TRIAL DEMANDED |
| Defendants. | |

Defendant City of New York, by its attorney Michael A. Cardozo, Corporation Counsel of the City of New York, for its answer to the complaint, respectfully alleges, upon information and belief, as follows:

1. Denies the allegations set forth in paragraph "1" of the complaint, except admits that plaintiff purports to bring this action and invoke the jurisdiction of this Court as set forth therein.

2. Denies the allegations set forth in paragraph "2" of the complaint, except admits that plaintiff purports to bring this action and invoke the jurisdiction of this Court as set forth therein.

3. Denies the allegations set forth in paragraph "3" of the complaint, except admits that plaintiff purports to invoke the jurisdiction of this Court as set forth therein.

4. Denies the allegations set forth in paragraph "4" of the complaint, except admits that plaintiff purports to lay venue as set forth therein.

5. Denies the allegations set forth in paragraph "5" of the Complaint, except admit that a document purporting to be a Notice of Claim was received by the office of the Comptroller on or about July 10, 2006.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the complaint.

7. Denies the allegations set forth in paragraph "7" of the Complaint, except admit that the City of New York is a municipal corporation organized and existing under the laws of the State of New York, that the City of New York maintains a correction department and respectfully refers the Court to the New York City Charter and Administrative Code for the relationship between defendant City and the New York City Department of Correction.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the complaint.

9. Denies the allegations set forth in paragraph "9" of the complaint, except admit that on or about April 13, 2006, plaintiff was incarcerated in the custody of the New York City Department of Corrections

10. Denies the allegations set forth in paragraph "10" of the complaint, except admit that plaintiff was housed in the GRVC building located at 09-09 Hazen Street, East Elmhurst, New York.

11. Denies the allegations set forth in paragraph "11" of the complaint, except admit that plaintiff was ordered to move himself and his belongings from cell number 32 to cell number 33.

12. Denies the allegations set forth in paragraph "12" of the complaint, except admit that plaintiff observed another inmate's property inside of cell number 33.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the complaint.

14. Denies the allegations set forth in paragraph "14" of the complaint.

15. Denies the allegations set forth in paragraph "15" of the complaint, except admit that plaintiff transferred inmate MOORE'S property from cell number 33 to cell number 32.

16. Denies the allegations set forth in paragraph "16" of the complaint.

17 Denies the allegations set forth in paragraph "17" of the complaint.

18. Denies the allegations set forth in paragraph "18" of the complaint, except admit that MOORE struck plaintiff and caused plaintiff to sustain injury to his chin and lip, which required medical attention, including stitches.

19. Denies the allegations as set forth in paragraph "19" of the complaint.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "20" of the complaint.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "21" of the complaint.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "22" of the complaint.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "23" of the complaint.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "24" of the complaint.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "25" of the complaint.

26. Denies the allegations as set forth in paragraph "26" of the complaint.

27. In response to the allegations set forth in paragraph "27" of the Complaint, defendant repeats and realleges the responses set forth in paragraphs "1-26" inclusive of this answer, as if fully set forth herein.

28. Denies the allegations as set forth in paragraph "28" of the complaint.

29. Denies the allegations as set forth in paragraph "29" of the complaint.

30. Denies the allegations as set forth in paragraph "30" of the complaint.

31. Denies the allegations as set forth in paragraph "31" of the complaint.

32. Denies the allegations as set forth in paragraph "32" of the complaint.

33. Denies the allegations as set forth in paragraph "33" of the complaint.

34. Denies the allegations as set forth in paragraph "34" of the complaint.

35. Denies the allegations as set forth in paragraph "35" of the complaint.

36. Denies the allegations as set forth in paragraph "36" of the complaint.

37. Denies the allegations as set forth in paragraph "37" of the complaint.

38. Denies the allegations as set forth in paragraph "38" of the complaint.

39. Denies the allegations as set forth in paragraph "39" of the complaint.

40. In response to the allegations set forth in paragraph "40" of the Complaint, defendant repeats and realleges the responses set forth in paragraphs "1-39" inclusive of this answer, as if fully set forth herein.

41. Denies the allegations as set forth in paragraph "41" of the complaint.

42. Denies the allegations as set forth in paragraph "42" of the complaint.

43. Denies the allegations as set forth in paragraph "43" of the complaint.

44. In response to the allegations set forth in paragraph "44" of the Complaint, defendant repeats and realleges the responses set forth in paragraphs "1-43" inclusive of this answer, as if fully set forth herein.

45. Denies the allegations as set forth in paragraph "45" of the complaint.

46. Denies the allegations as set forth in paragraph "46" of the complaint.

47. Denies the allegations as set forth in paragraph "47" of the complaint.

48. Denies the allegations as set forth in paragraph "48" of the complaint.

49. Denies the allegations as set forth in paragraph "49" of the complaint.

50. Denies the allegations as set forth in paragraph "50" of the complaint.

51. Denies the allegations as set forth in paragraph "51" of the complaint.

52. Denies the allegations as set forth in paragraph "52" of the complaint.

53. In response to the allegations set forth in paragraph "53" of the Complaint, defendant repeats and realleges the responses set forth in paragraphs "1-52" inclusive of this answer, as if fully set forth herein.

54. Denies the allegations as set forth in paragraph "54" of the complaint.

55. Denies the allegations as set forth in paragraph "55" of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

56. The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

57. At all times relevant to the acts alleged in the complaint, the duties and functions of defendant's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendant are entitled to governmental immunity from liability.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

58. Any injury alleged to have been sustained resulted from plaintiffs' own culpable or negligent conduct and/or the intervening conduct of third parties and was not the proximate result of any act of the defendant.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

59. Punitive damages cannot be assessed against the City of New York.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:**

60. Defendant have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore are protected by qualified immunity.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:**

61. Defendant have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:**

62. Plaintiffs' claims may be barred in whole, or in part, by the applicable limitations period.

**AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE:**

63. Plaintiff provoked the incident.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE:**

64. At all times relevant to the acts alleged in the complaint, defendant acted reasonably in the proper and lawful exercise of their discretion.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE:**

65. At all times relevant to the acts alleged in the complaint, defendant acted reasonably in the proper and lawful exercise of their discretion.

**AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:**

66. This action may be barred, in whole or in part, for plaintiff's failure to comply with the conditions precedent to suit.

**AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:**

67. This action may be barred, in whole or in part, by plaintiff's failure to exhaust administrative remedies as required under the Prisoner Litigation Reform Act.

Dated: New York, New York
       September 28, 2007

                                       MICHAEL A. CARDOZO
                                       Corporation Counsel, City of New York
                                       Attorney for Defendant
                                       100 Church Street, Room 3-198
                                       New York, New York 10007
                                       (212) 788-1580

                                       By: _____
                                       Craig Hanlon (CH 5679)
                                       Assistant Corporation Counsel
                                       Special Federal Litigation Division

To:    Izabel Olszowa Garcia, Esq.
        Attorney for Plaintiff
        26 Court Street, Suite 1815
        Brooklyn, NY 11242

Index No.     07 CV 6344 (DLC)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANDRE ARQUER,

Plaintiff,

-against-

THE CITY OF NEW YORK and JOHN/JANE DOE 1 through 6 (representing unidentified officers employed by the New York City Department of Corrections), sued individually and in their official capacities,

Defendants.

**DEFENDANT CITY OF NEW YORK'S ANSWER TO THE COMPLAINT**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendant*

*100 Church Street*
*New York, N.Y. 10007*
*Of Counsel: Craig Hanlon*

*Tel: (212) 788-1580*
*NYCLIS No.*

*Due and timely service is hereby admitted.*

*New York, N.Y. ................................................,2007*

*................................................................. Esq.*

*Attorney for City of New York*

8